

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

EAST OKEECHOBEE PALMS, LLC,
and LAKESIDE PALM BEACH
EAST MHP, LLC,

        Plaintiffs

v.

RICHARD KELLAM and
ARCAP, LC,

    **Serve:** R. Braxton Hill III, Esq.
          2102 Parks Avenue, Suite 700
          Virginia Beach, VA 23451

    &
        Richard Kellam
        1201 Gannon Drive
        Plano, Texas 75025

        Defendants.

Civil Action No. 2:16cv429

COMPLAINT-

JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

1.    NOW COME Plaintiffs EAST OKEECHOBEE PALMS, LLC, hereinafter "East," and LAKESIDE PALM BEACH EAST MHP, LLC, hereinafter "Lakeside," (PLAINTIFFS) by and through their counsel, and file this Complaint against Richard Kellam, hereinafter, "Kellam," and ARCAP, LLC, hereinafter "ARCAP," (DEFENDANTS). In support thereof, PLAINTIFFS allege the following:

1

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. §1332. PLAINTIFFS are citizens of New York and Defendant ARCAP is a Virginia limited liability company and Defendant Kellam maintains an office and has an ongoing presence in the Commonwealth of Virginia. The amount in controversy is in excess of $75,000.

3. Venue is appropriate over this action pursuant to 28 U.S.C. §1391 (a)(2). The claim is for proceeds held in, or transferred into an account in Virginia for the management and use of the property.

## PARTIES TO THIS ACTION

4. Plaintiff East is a Florida limited liability company with its principal place of business located at 70 Old Stonefield Way, Pittsford, New York 14534. Plaintiff East is wholly owned by Plaintiff Lakeside, a New York Limited Liability Company, with its principal place of business located at 70 Old Stonefield Way, Pittsford, New York 14534.

5. Plaintiff Lakeside is a New York limited liability company with its principal place of business located at 70 Old Stonefield Way, Pittsford, New York 14534. Lakeside, which is owned by eleven other individuals and/or entities, all and each of which owns 100% of Plaintiff EAST.

6. The following list of individuals and entities and their addresses are Members of Plaintiff Lakeside:

    a. Frank Luellen, an adult resident of the State of New York who resides at 36 Tobey Brook Road, Pittsford, New York 14534.

    b. Robert Hurlbut, an adult of the State of New York who resides at 740 East Ave., Rochester, NY 14607.

c. John Bronson, an adult resident of the State of California who resides at 341 Leavenworth St., San Francisco, CA.

d. Peter Sykes, an adult resident of the State of New York who resides at 3600 Hopkins Road, Canandaigua, New York 14424.

e. Nancy Burnham, an adult resident of the Commonwealth of Massachusetts who resides at 301 Salisbury Street, Worchester, MA 01609.

f. Fred Hutson, an adult resident of the Commonwealth of Massachusetts who resides at 301 Salisbury Street, Worchester, MA 01609.

g. AJMRT, LLC, a limited liability company registered in the State of New York and solely owned by Member Amiel Mokhiber, whose registered principal address is 4340 East Avenue, Pittsford, NY 14534.

h. Amiel Mokhiber, Jr, an adult resident of the State of New York who resides at East Ave., Pittsford, NY 14534.

i. Anna Mafilios, an adult resident of the State of New York who resides at 95 Chasewood Circle, Rochester, NY 14618.

j. Ken Burnham, an adult resident of the State of New York who resides at 70 Old Stonefield Way, Pittsford, NY, 14534.

k. Cathleen Burnham, an adult resident of the State of New York who resides at 70 Old Stonefield Way, Pittsford, NY, 14534.

1. GBIC, LLC, a legally registered corporate entity whose registered office is located at 320 Allen Creek Road, Rochester, NY 14610. The sole owners-members of the GBIC, LLC are Rob Galbraith, an adult resident of the State of New York who resides at 7 South Main Street, Pittsford, New York and Member John Galbraith, an adult resident of the State of New York who resides at 7 South Main Street, Pittsford, New York.

## MEMBERS OF LAKESIDE PALM BEACH EAST, LLC:

7. Defendant ARCAP is a Virginia limited liability company with its principal place of business located at 484 Viking Drive, Suite #105, Virginia Beach, VA 23452.

8. ARCAP is 100% owned by Defendant Kellam who is an adult resident of the State of Texas who resides at 1201 Gannon Drive, Plano, Texas.

## FACTUAL BACKGROUND

9. PLAINTIFFS, through Kenneth Burnham, hereinafter "Burnham," and affiliates, had a business relationship with Defendant Kellam and affiliates for the purchase and management of mobile home properties. Plaintiff Burnham would locate, identify and provide a percentage of equity for purchase of the mobile home properties, and Defendant Kellam would provide the remaining percentage of the equity. The parties owned such properties as tenants-in-common.

10. In June 2006, Plaintiff East and Defendant Kellam, through affiliate West Okeechobee Palms, LLC, hereinafter "West," participated in the acquisition of the Lakeside Mobile Home Park at 2156 Okeechobee Blvd., West Palm Beach, Florida 33409. Kellam purchased a 40% tenancy in common interest in the property. East owned the remaining 60% tenancy in common interest. The property was purchased for approximately $14,000,000. An organizational chart outlining the relative ownerships is attached, incorporated herein and marked as Exhibit A.

11. On October 4, 2012, East and West executed an amended tenancy in common agreement, which replaced the previous tenancy in common agreement and re-established the ownership structure, conduct and obligations of the parties. The agreement made East and West co-owners of Lakeside with a 60% and 40% share, respectively. The "Amended and Restated Tenants in Common Agreement" is attached as Exhibit B.

12. In June 2013, Lakeside was sold for $15,400,000 to Riverstone Communities.

13. From June 2006 to October 2012, the property was managed entirely by Lakeside Palm Beach Management, LLC, hereinafter "Management," pursuant to a management agreement referenced in the tenancy in common agreement (Exhibit B). The "Management Agreement" is attached as Exhibit C.

14. From October 2012 until the sale in June 2013, the property was managed by Defendants ARCAP and/or Management, pursuant to another new agreement. ARCAP is an affiliate of Kellam. Kellam and ARCAP were responsible for the finances of Lakeside and held full control of the account. The new management agreement is attached as Exhibit D.

15. The new management agreement required ARCAP, Kellam and Management to act in accordance with "The Amended and Restated Tenants in Common Agreement" (Exhibit B) and Management Agreement (Exhibit C).

16. According to Section 8 of the new management agreement, ARCAP and/or Agency was solely entitled to a management fee of 3% for Lakeside's management (Exhibit D).

17. In October 2012, East and West refinanced Lakeside with lender C-III Commercial Mortgage, LLC.

18. In October 2012, at the request of Lakeside's lender, C-III Commercial Mortgage, LLC, East and West issued an "Assignment of Management Agreement and Subordination of

Management Fees." Section C of the document incorporated by reference and attached as the new management agreement (Exhibit D) to the assignment of management agreement as "Exhibit A". Section 10 of the document provided the document be governed in accordance with the laws of the State of Florida. The "Assignment of Management Agreement and Subordination of Management Fees" is attached as Exhibit E.

19. PLAINTIFFS became concerned regarding the management of Lakeside by ARCAP and/or Agency. ARCAP and/or Agency accumulated substantial cash in collected rents (more than $230,000) in the Lakeside account without monthly distributions to the rightful owners of the monies in accordance with the tenants in common agreement (Exhibit B). A screenshot showing the accumulation of funds during the relevant period is attached as Exhibit F.

20. On June 6, 2013, East sent a notice letter via email to DEFENDANTS requesting that these funds be distributed to the rightful owners by June 15, 2013. The "Notice Letter Concerning Cash Distribution to East Okeechobee Palms, LLC" is attached as Exhibit G.

21. On July 1, 2013, Plaintiff East sent a written demand for treble damages to DEFENDANTS. The "Written Demand for Treble Damages" is attached as Exhibit H.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

22. PLAINTIFFS hereby incorporate by reference and re-allege all paragraphs previously alleged in this Complaint as if fully set forth herein.

23. In October 2012, ARCAP and/or Agency signed a management agreement agreeing to management of Lakeside (Exhibit D).

24. The management agreement states that DEFENDANTS shall act "in accordance with and subject to the provisions of the Amended and Restated Tenants in Common Agreement between the Owners" and "shall maintain the deposit accounts" (Exhibit D).

25. Section 2.2 of the "Management Agreement" (Exhibit C) requires the manager "[t]o distribute at the **OWNER'S** request the net proceeds to the **OWNER**."

26. On June 6, 2013, East sent a notice to DEFENDANTS requesting that funds held in the Lakeside account be disbursed to the rightful owners by June 15, 2013 (Exhibit G).

27. By contractual obligation of the new management agreement (Exhibit D), the tenancy in common agreement (Exhibit B) and the management agreement (Exhibit C), DEFENDANTS were obligated to disburse proceeds from the deposits accounts to owner East in the amount of 60% of the proceeds in the Lakeside account in June 2013.

28. By June 15, 2013, owner Plaintiff East received no proceeds from DEFENDANTS in accordance with the management agreement.

29. To this day, owner East has not received the June 6, 2013, requested proceeds from DEFENDANTS in accordance with the management agreement.

30. Failure of the DEFENDANTS to abide by the terms of a written contract constitutes a breach of the contract and resulted in damages to PLAINTIFFS in lost proceeds in the amount of 60% of the proceeds held in the Lakeside account in June 2013.

## SECOND CAUSE OF ACTION

### (Conversion)

31. PLAINTIFFS hereby incorporate by reference and reallege all paragraphs previously alleged in this Complaint as if fully set forth herein.

32. According to the tenancy in common agreement (Exhibit B) and the management agreement (Exhibit C), Plaintiff East, as a 60% owner of Lakeside, had rights to 60% of the proceeds in the Lakeside account to be distributed monthly or upon request.

33. Despite a notice for distribution of proceeds on June 6, 2013 (Exhibit G), East received no proceeds from the Lakeside account by the June 15, 2013, deadline and still has not received such proceeds.

34. Instead, on June 27, 2013, DEFENDANTS transferred money in the amount of $234,527.87 from the Lakeside operating account to Defendant ARCAP. A screenshot of the account showing this transfer is attached as Exhibit F.

35. According to the tenancy in common agreement (Exhibit B), 60% of the money in the Lakeside account and 60% of the transferred money belonged to owner East.

36. According to the management agreement (Exhibit D), as manager, Defendants ARCAP and/or Kellam were only entitled to a management fee of 3% and had no right to any funds outside of the management fee.

37. According to the management agreements (Exhibits C, D and E), DEFENDANTS had no authority to transfer the money in the Lakeside account to ARCAP.

38. As signatories to the tenancy in common agreement and the management agreements (Exhibits B, C, D and E), by affiliation or otherwise, DEFENDANTS knew or should have known of their obligation to distribute funds and their limits on distribution of proceeds to any entity that was not an owner.

39. As signatories to the tenancy in common agreement and the management agreements (Exhibits B, C, D and E), by affiliation or otherwise, DEFENDANTS knew or

should have known that the proceeds in the Lakeside account belonged to East and West and should not have been transferred to Defendant ARCAP.

40. By transferring the money in the Lakeside account to ARCAP, DEFENDANTS knowingly deprived East of its money and wrongfully exerted dominion and control over this property that did not belong to them by taking it into their own possession.

41. The actions of DEFENDANTS have caused PLAINTIFFS to be permanently deprived of their property and the benefits therefrom.

42. DEFENDANTS are liable for conversion for the wrongful exercise or assumption of authority over PLAINTIFFS' money and deprived PLAINTIFFS of their rightful possession, and wrongfully exerted dominion over property in denial of, or inconsistent with, the PLAINTIFFS' rights.

43. On July 1, 2013, PLAINTIFFS sent a written demand letter (Exhibit H) to DEFENDANTS demanding the return of at least the 60% share of funds in the operating account to PLAINTIFFS or to suffer treble damages as provided under Florida law.

44. PLAINTIFFS did not receive their converted proceeds or treble the amount of proceeds as demanded in the written demand letter (Exhibit H).

45. On June 25, 2013, the date of transfer, PLAINTIFFS suffered damages in the amount of $140,716.72, or 60% of the converted amount of $234,527.87, plus interest since that date.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs demand judgment against and relief from Defendants as follows:

    A.    Judgment against Defendants for all causes of action;

    B.    Actual and statutory damages under Virginia Law;

    C.    Compensatory damages;

    D.    Punitive damages as allowed by law;

    E.    Taxable costs;

    F.    Reasonable attorney's fees and expenses;

    G.    Prejudgment and post judgment interest at the maximum legal rate; and

    H.    Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate.

Respectfully submitted,

By: _____
Of Counsel

R. Barry Rowell (VSB #72255)
Valverde & Rowell, PC
3500 Virginia Beach Blvd., Suite 110
Virginia Beach, VA 23452
Telephone: 757-422-8472
Fax:       757-282-2502
barry@valverderowell.com
Attorney for the Plaintiffs